

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| AMOS MACK, | § | |
|     Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 2:17-3005-MGL |
| | § | |
| ANDREW SAUL, | § | |
| Commissioner of Social Security, | § | |
|     Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Amos Mack (Mack) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying his claim for Disability Insurance Benefits (DIB). Mack is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's final decision be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 5, 2019, Mack filed his objections on April 26, 2019, and Saul filed his reply on May 9, 2019. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

Although ALJ must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where

contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Mack first contends the ALJ failed to apply Section 423(d)(1)(A) of the Act. Objections 2. Section 423(d)(1)(A) defines disability as "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "To improve both the uniformity and efficiency" in implementing the statutory definition of disability, regulations promulgated under the Act established the five-step sequential evaluation process the Court detailed above. *Heckler v. Campbell*, 461 U.S. 458, 460 (1983).

The ALJ employed the five-step analysis in reviewing Mack's claim and concluded at step five "there were jobs that existed in significant numbers in the national economy that [Mack] could have performed." A.R. 22. Because the Court concludes the ALJ properly applied Section 423(d)(1)(A) of the Act via the five-steps, the Court will overrule this objection.

Mack then lists two closely related objections. First, Mack states the opinion of his primary care physician, Dr. Monnieque Singleton, must be given controlling weight and the failure to do so is reversible error. Objections at 2-3. Second, Mack argues the ALJ, Saul, and the Magistrate Judge failed to fully investigate his case; otherwise, they would have concluded Dr. Singleton was his primary care physician and her medical opinion was supported by the record. *Id*. at 3-5. The Court interprets the two related issues as a claim the Magistrate Judge erred in stating the ALJ gave proper weight to the opinion of his treating physician, Dr. Singleton. The Court is unpersuaded.

4

Based on the Court's de novo review of the record, it is unable to say the Magistrate Judge was mistaken in suggesting the ALJ properly considered the treatment records of Dr. Singleton. In fact, the Court is firmly convinced her conclusion is correct.

As per 20 C.F.R. § 404.1527(a)(1), "[m]edical opinions . . . reflect judgments about the nature and severity of [the claimant's] impairment(s), including . . . what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." The Magistrate Judge correctly noted Dr. Singleton's treatment records fail to constitute a medical opinion within the meaning of the Act. Report 9.

As the Magistrate Judge correctly observed, although "Dr. Singleton's treatment records do assess [Mack's] symptoms and provide diagnoses, they do not express any judgments on the nature and severity of [his] impairments, what [he] can do despite his symptoms, or the extent of [his] mental and physical restrictions." Report 10. "For this reason, to the extent Dr. Singleton's treatment records could be construed as an opinion within the meaning of the Act, her opinion would relate only to step-two of the five-step analysis of reviewing [Plaintiff's] claim, which deals with whether or not [he] suffers from a severe impairment." *Id* (citation omitted) (internal quotation marks omitted).

Because the Court agrees the ALJ properly considered Dr. Singleton's records in determining Plaintiff's severe impairments at step-two of his analysis, it concludes any failure to assign a specific weight to the consideration of Dr. Singleton's records is harmless. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("[R]eversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (internal quotation marks omitted). Consequently, the Court will overrule these objections, as well.

5

Mack's remaining objections constitute a rehashing of issues earlier presented to the Magistrate Judge, which she thoroughly analyzed and rejected. Because the Court agrees with the well-reasoned conclusions of the Magistrate Judge, the Court will refrain from further discussing the arguments here.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Mack's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Saul's final decision denying Mack's DIB claim is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 29th day of August, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, in accordance with the applicable Federal Rules of Appellate Procedure.